## MARCH, PRICE & CO. v. CLARK.*

*(Circuit Court, S. D. Georgia, W. D. January 17, 1882.)*

**1. NEGOTIABLE INSTRUMENTS—MARRIED WOMEN—INNOCENT PURCHASER.**

A negotiable instrument executed by a married woman in a state, the statute of which provides that any contract by the wife to pay the debts of her husband is void, is subject to the defence that the consideration thereof was the payment of her husband's debt, although transferred to an innocent purchasei before maturity, and although the instrument itself recites that it was given for advances to her.

March, Price & Co. sued Mrs. E. A. Clark on the following paper:

$548. ALBANY, GA., May 7, 1880.

On fifteenth October next, pay to myself, or order, five hundred and forty-eight dollars, for cash furnished me to make my crops; this to be an advance under my mortgage to you of the twenty-third day of January, 1880. Homestead and other exemptions and protest waived.

[Signed] E. A. CLARK.

*To Welch & Bacon, Factors, Warehouse and Commission Merchants, Albany, Georgia.*

The draft was indorsed by said E. A. Clark, and accepted by Welch & Bacon, who assigned the same to the plaintiffs, before maturity.

The defendant pleaded that the draft was given by defendant "to pay a draft drawn by E. M. Clark, who is the husband of defendant, and having been thus given, and not for any debt of her own, she is not liable under the law to pay the same or any part thereof."

When the defendant offered evidence in support of the foregoing plea, counsel for plaintiffs objected, on the ground that the draft had been transferred to plaintiffs, before maturity, for value, and that such defence, however good against Welch & Bacon, could not avail against *bona fide* holders. This was the main question of law in the case, and the ruling of the court thereon is stated below. The evidence was conflicting as to whether the consideration of the draft was goods furnished by Welch & Bacon for the benefit of the husband of defendant or herself; and this question the court submitted to the jury as a question of fact.

ERSKINE, D. J. The defendant, Mrs. E. A. Clark, appears on the paper sued upon as drawer and indorser. Welch & Bacon are primarily liable; she is only secondarily liable. It is a conceded fact in the case that the defendant is a married woman.

*Reported by W. B. Hill, Esq., of the Macon bar.

The statute of Georgia (Code of 1873, § 1783) is as follows:

"The wife is a *feme sole* as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, *she cannot bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband;* and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be *absolutely void.*"

Under this statute, if this draft was made to pay a debt of defendant's husband, the draft is not merely voidable, but void. It is a contract inhibited by the statutes of this state.

It was contended for the plaintiffs that the defendant was estopped from denying the recital therein, that it was furnished her to make her crops, etc., especially as against *bona fide* holders of the paper. If the contract were not void under the statute cited the court might so hold, but in view of the construction now adopted of that statute, the court is compelled to decide that defendant may offer evidence of the consideration as alleged in the plea. This being a Georgia contract must be governed by the law of Georgia; and the consequences above stated result from the provision of the case.

The court will admit the evidence and submit the disputed questions of fact to the jury.